IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

KRISTOPHER STRANGE, JULIO
RUIZ, RICHARD SHIELDS,
and ANTHONY STEWART,

     Plaintiffs,

vs.

AIRCRAFT DEMOLITION, INC., a
Florida Corporation, and
RALPH GIORDANO, an individual,

     Defendants.

_____/

## COMPLAINT

1.     This action is brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter "FLSA"), to recover full remedies for violations of rights guaranteed by the FLSA to Plaintiffs KRISTOPHER STRANGE, JULIO RUIZ, RICHARD SHIELDS, and ANTHONY STEWART from Defendants AIRCRAFT DEMOLITION, INC., (hereinafter, "AIRCRAFT DEMOLITION") and RALPH GIORDANO.

2.     Pursuant to the FLSA, Plaintiffs seek entry of a judgment for unpaid overtime compensation, liquidated damages, and interest, less such amounts as the Defendants have voluntarily paid prior to the commencement of litigation, as well as an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## JURISDICTION

3.     This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337.

## VENUE

4.      Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in Palm Beach County, Florida and within the Southern District of Florida.

## PARTIES

5.      Plaintiff KRISTOPHER STRANGE (hereinafter "STRANGE") was, at all material times, a resident of Okaloosa County, Florida and was employed as an hourly wage demolition laborer for Defendants AIRCRAFT DEMOLITION and RALPH GIORDANO for their aircraft demolition and recycling business in Palm Beach County, Florida, until his separation from employment in September 2020.

6.      Plaintiff JULIO RUIZ (hereinafter "RUIZ") was, at all material times, a resident of Palm Beach County, Florida and was employed as an hourly wage demolition laborer for Defendants AIRCRAFT DEMOLITION and RALPH GIORDANO for their aircraft demolition and recycling business in Palm Beach County, Florida, until his separation from employment on July 5, 2020.

7.      Plaintiff RICHARD SHIELDS (hereinafter "SHIELDS") was, at all material times, a resident of Palm Beach County, Florida and was employed as an hourly wage demolition laborer for Defendants AIRCRAFT DEMOLITION and RALPH GIORDANO for their aircraft demolition and recycling business in Palm Beach County, Florida, until his separation from employment on August 8, 2020.

8.      Plaintiff ANTHONY STEWART (hereinafter "STEWART") was, at all material times, a resident of Palm Beach County, Florida and was employed as an hourly wage demolition laborer for Defendants AIRCRAFT DEMOLITION and RALPH GIORDANO for their aircraft demolition and recycling business in Palm Beach County, Florida, until his

separation from employment in May 2020.

9.      Defendant AIRCRAFT DEMOLITION, INC. is a corporation organized and doing business pursuant to the laws of the state of Florida that maintains a principal place of business in Palm Beach County, Florida.

10.     Defendant RALPH GIORDANO (hereinafter "GIORDANO"), who resides in the Southern District of Florida, was, and still is, an owner and/or operator of Defendant AIRCRAFT DEMOLITION.

11.     Defendant GIORDANO acted and acts directly in the interests of Defendant AIRCRAFT DEMOLITION, in relation to its employees, including the Plaintiffs, in that GIORDANO hired demolition laborers, set their pay rate, determined their work schedule, and ultimately terminated many employees. Thus, GIORDANO was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

12.     At all times material, Plaintiffs were employees of Defendants AIRCRAFT DEMOLITION and GIORDANO within the meaning of the FLSA.

13.     At all times material, during Plaintiffs' employment with Defendants AIRCRAFT DEMOLITION and GIORDANO, Plaintiffs were engaged in commerce or in the production of goods for commerce. To wit: Plaintiff handled goods and materials that traveled in interstate commerce and utilized tools and equipment that were manufactured in other states outside of Florida.

14.     At all times material, Defendant AIRCRAFT DEMOLITION was an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1) with annual gross sales in excess of $500,000 within the meaning of the FLSA.  Defendant, AIRCRAFT DEMOLITION is a Florida Corporation doing business throughout Florida and several other states in the United States, and is an enterprise engaged in an industry affecting commerce, is an employer as defined

3

by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207.  At all times pertinent to this Complaint, AIRCRAFT DEMOLITION operates as an organization which sells and/or markets its services and/or goods to customers throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and AIRCRAFT DEMOLITION obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

## FACTUAL ALLEGATIONS

15.     Plaintiffs are non-exempt former employees of Defendants AIRCRAFT DEMOLITION and GIORDANO who worked as hourly demolition laborers for Defendants' aircraft demolition and recycling business located in Palm Beach County, Florida.

16.     At various times during the years 2017 to 2020, each Plaintiff worked more than 40 hours per week during many weeks of his employment, as is more specifically set forth below, without being paid the federally mandated wage for overtime. Specifically, Plaintiffs were paid only straight time for all hours worked.

17.     Defendants violated the FLSA by failing to pay Plaintiffs for all overtime hours worked in excess of forty per week at the applicable time and one-half rate.

18.     Plaintiffs retained the undersigned counsel in an effort to obtain a pre-suit

resolution of their claims. The parties entered into an agreement to toll the limitations period pending settlement efforts.

19.     After negotiation, the Defendants paid certain amounts set forth below and are entitled to credit for those payments against amounts due for the FLSA violations described in this Complaint. However, the Defendants have not agreed to provide the Plaintiffs with the full remedy contemplated by 29 U.S.C. § 216(b), including entry of a judgment and payment of Plaintiffs' full attorney's fees and costs.

20.     The Plaintiffs have only been able to make a full recovery of lost wages and liquidated damages because they hired an attorney. Burdening them with the payment of attorney's fees would contravene 29 U.S.C. § 216(b) and would undercut the remedies that the FLSA provides to prevailing plaintiffs.

21.     While Plaintiff made a good faith effort to settle all issues in this case, the Defendants have not offered any explanation of their refusal to pay Plaintiff's attorney's fees in full or even in substantial part. Defendants have not suggested that counsel's hours or hourly rate are unreasonable or inflated. After Plaintiffs and Defendants arrived at an agreement as to the correct calculation of unpaid overtime, the Defendants offered to pay that amount plus an amount that was less than half of the attorney's fees that Plaintiffs had incurred. Plaintiffs advised Defendants that the law required payment of liquidated damages and that no settlement could be reasonable without that payment. Defendants then agreed to pay liquidated damages but reduced the amount they offered to pay for attorney's fees. That reduced settlement offer is indicative of bad faith. The Plaintiffs have been forced to bring this action because of the Defendants' refusal to negotiate fees in good faith and because the Defendants have not consented to the entry of a stipulated judgment.

## FIRST CLAIM: Failure to Pay Overtime Wages to
### Plaintiff Strange in Violation of 29 U.S.C. § 207

22.     The allegations in Paragraphs 1 through 21 are realleged and fully incorporated by reference herein.

23.     By failing to pay overtime wages to Plaintiff STRANGE, Defendants AIRCRAFT DEMOLITION and GIORDANO, willfully, knowingly and/or recklessly violated the provisions of FLSA, which requires overtime wages to be paid to non-exempt employees, including those set forth in the provisions of 29 U.S.C. § 207.

24.     The parties have agreed that in 2020, Plaintiff STRANGE worked 14.5 overtime when his regular rate was $16.00 and worked 29.3 overtime hours when his regular rate was $14.00. Plaintiff STRANGE was therefore entitled to unpaid overtime of $321.00 and an equal amount of liquidated damages.

25.     The Defendants tendered payment of unpaid wages (less withholding) and liquidated damages to STRANGE but have not consented to the entry of judgment in STRANGE's favor and have not agreed to the payment of a reasonable attorney's fee, thereby depriving STRANGE of the full remedy to which he is entitled by virtue of 29 U.S.C. § 216(b).

## SECOND CLAIM: Failure to Pay Overtime Wages to
### Plaintiff Ruiz in Violation of 29 U.S.C. § 207

26.     The allegations in Paragraphs 1 through 21 are realleged and fully incorporated by reference herein.

27.     By failing to pay overtime wages to Plaintiff RUIZ as alleged above, Defendants AIRCRAFT DEMOLITION and GIORDANO, willfully, knowingly and/or recklessly violated the provisions of FLSA, which requires overtime wages to be paid to non-exempt employees, including those set forth in the provisions of 29 U.S.C. § 207.

28.     The parties have agreed that Plaintiff RUIZ: worked 57 overtime hours in 2017

when his regular rate was $25.00; worked 146 overtime hours in 2018 when his regular rate was $25.00; worked 40 overtime hours in 2019 when his regular rate was $25.00; worked 121 overtime hours in 2019 when his regular rate was $28.12; and worked 104 overtime hours in 2020, when his regular rate was $28.12. Plaintiff RUIZ was therefore entitled to unpaid overtime of $6,201.00 and an equal amount of liquidated damages.

29.　　　The Defendants tendered payment of unpaid wages (less withholding) and liquidated damages to RUIZ but have not consented to the entry of judgment in RUIZ's favor and have not agreed to the payment of a reasonable attorney's fee, thereby depriving RUIZ of the full remedy to which he is entitled by virtue of 29 U.S.C. § 216(b).

<u>**THIRD CLAIM: Failure to Pay Overtime Wages to**</u>
<u>**Plaintiff Shields in Violation of 29 U.S.C. § 207**</u>

30.　　　The allegations in Paragraphs 1 through 21 are realleged and fully incorporated by reference herein.

31.　　　By failing to pay overtime wages to Plaintiff SHIELDS as alleged above, Defendants AIRCRAFT DEMOLITION and GIORDANO, willfully, knowingly and/or recklessly violated the provisions of FLSA, which requires overtime wages to be paid to non-exempt employees, including those set forth in the provisions of 29 U.S.C. § 207.

32.　　　The parties have agreed that Plaintiff SHIELDS worked 4 overtime hours in 2019 when his regular rate was $17.00 and worked 72.5 overtime hours in 2020 when his regular rate was $17.00. Plaintiff SHIELDS was therefore entitled to unpaid overtime of $650.25 and an equal amount of liquidated damages.

33.　　　The Defendants tendered payment of unpaid wages (less withholding) and liquidated damages to SHIELDS but have not consented to the entry of judgment in SHIELDS' favor and have not agreed to the payment of a reasonable attorney's fee, thereby depriving

7

SHIELDS of the full remedy to which he is entitled by virtue of 29 U.S.C. § 216(b).

### FOURTH CLAIM: Failure to Pay Overtime Wages to Plaintiff Stewart in Violation of 29 U.S.C. § 207

34.     The allegations in Paragraphs 1 through 21 are realleged and fully incorporated by reference herein.

35.     By failing to pay overtime wages to Plaintiff STEWART as alleged above, Defendants AIRCRAFT DEMOLITION and GIORDANO, willfully, knowingly and/or recklessly violated the provisions of FLSA, which requires overtime wages to be paid to non-exempt employees, including those set forth in the provisions of 29 U.S.C. § 207.

36.     The parties have agreed that Plaintiff STEWART: worked 20.5 overtime hours in 2017 when his regular rate was $20.00; worked 44 overtime hours in 2018 when his regular rate was $20.00; worked 40 overtime hours in 2019 when his regular rate was $15.00; and worked 4 overtime hours in 2020 when his regular rate was $15.00 Plaintiff STEWART was therefore entitled to unpaid overtime of $975.00 and an equal amount of liquidated damages.

37.     The Defendants tendered payment of unpaid wages (less withholding) and liquidated damages to RUIZ but have not consented to the entry of judgment in RUIZ's favor and have not agreed to the payment of a reasonable attorney's fee, thereby depriving RUIZ of the full remedy to which he is entitled by virtue of 29 U.S.C. § 216(b).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask the Court to enter judgment in their favor, individually, as follows:

A.     awarding each Plaintiff all lost wages found by the court to be due to him, including pre-judgment interest, less credit for amounts paid;

B.     awarding each Plaintiff payment of liquidated damages in an amount equal to the

lost wages due to him, less credit for amounts paid;

      C.      awarding Plaintiffs their costs, including a reasonable attorney's fee pursuant to 29

U.S.C. § 216(b); and

      D.      granting such other and further relief as is just.

**<u>JURY DEMAND</u>**

Plaintiffs demand trial by jury on all issues so triable.


Dated: April 27, 2021
Plantation, Florida

                                  Respectfully submitted,


                                  /s/ *Robert S. Norell*
                                  Robert S. Norell, Esq. (Fla. Bar No. 996777)
                                  E-Mail: rob@floridawagelaw.com
                                  **ROBERT S. NORELL, P.A.**
                                  300 N.W. 70th Avenue
                                  Suite 305
                                  Plantation, Florida 33317
                                  Telephone: (954) 617-6017
                                  Facsimile: (954) 617-6018
                                  *Counsel for Plaintiffs*

9
