UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 21-CV-80766-RUIZ/REINHART

KRISTOPHER STRANGE, et al.,

                Plaintiffs,

v.

AIRCRAFT DEMOLITION, INC., et al.,

                Defendants.
_____/

**REPORT AND RECOMMENDATION REGARDING
DEFENDANTS' MOTION TO DISMISS (ECF NO. 4)**

Presently before me is Defendants' Motion to Dismiss the Complaint (ECF No. 4), which was referred by the Honorable Rodolfo A. Ruiz for appropriate disposition. ECF No. 16. The motion, brought under Federal Rule of Civil Procedure 12(b)(1), alleges that the four Plaintiffs (Kristopher Strange, Julio Ruiz, Richard Shields, and Anthony Stewart) lack standing to assert claims under the Fair Labor Standards Act (FLSA). I have reviewed the Complaint (ECF No. 1), the Motion, Plaintiffs' Response (ECF No. 5) and Defendants' Reply (ECF No. 8). For the reasons explained below, I **RECOMMEND** that Defendants' Motion to Dismiss the Complaint be **GRANTED.**

**FACTS ALLEGED IN THE COMPLAINT**

It is undisputed that the four Plaintiffs received an hourly wage while working as demolition laborers for Defendants' aircraft demolition and recycling business. ECF No. 1 at ¶¶ 5-8. The Complaint alleges that Defendants failed to pay Plaintiffs overtime wages in violation of the FLSA and therefore, "Plaintiffs seek entry of a judgment for unpaid overtime compensation,

1

liquidated damages, and interest, *less such amounts as the Defendants have voluntarily paid prior to the commencement of litigation*, as well as an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b)." *Id.* at ¶ 2 (emphasis added). According to the Complaint, "Plaintiffs retained the undersigned counsel in an effort to obtain a pre-suit resolution of their claims." *Id.* at ¶ 18. The Complaint acknowledges that Defendants paid Plaintiffs all the overtime wages and liquidated damages they were owed before Plaintiffs filed suit. *Id.* at ¶¶ 24, 25, 28, 29, 32, 33, 36, 37. Nevertheless, the Complaint contends that "Plaintiffs have been forced to bring this action because of the Defendants' refusal to negotiate [attorney's] fees in good faith and because the Defendants have not consented to the entry of a stipulated judgment." *Id.* at ¶ 21.

## LEGAL ARUMENTS

Defendants have moved under Rule 12(b)(1) to dismiss the Complaint alleging that this Court lacks subject matter jurisdiction because there is no justiciable case or controversy, which deprives Plaintiffs of standing, and because the case is moot. Given Plaintiffs' "agree[ment] [that] the amounts tendered by Defendants *fully compensated them* for all wages and damages owed," Defendants contend that this "complete relief . . . moots the action" and Plaintiffs "no longer ha[ve] a legally cognizable interest in the outcome of the litigation." (ECF No. 4 at 8-9). According to Defendants, they made numerous attempts to include a reasonable attorney's fee in the pre-suit resolution of the case, but the fee demand by Plaintiffs' counsel was "at all times excessive." *Id.* at 5-6. Defendants tendered checks to the four Plaintiffs for the full amount of overtime pay and liquidated damages owed. Plaintiffs cashed the checks. Approximately four months later, Plaintiff's counsel, Robert Norell, Esq., filed the instant lawsuit, purportedly on behalf of his clients, seeking payment of his fees.

2

## **LEGAL STANDARDS**

> The most notable—and most fundamental—limits on the federal "judicial Power" are specified in Article III of the Constitution, which grants federal courts jurisdiction only over enumerated categories of "Cases" and "Controversies." This case-or-controversy requirement comprises three familiar "strands": (1) standing, (2) ripeness, and (3) mootness.

*Gardner v. Mutz*, 962 F.3d 1329, 1336 (11th Cir. 2020) (citations omitted). The party invoking the jurisdiction of a federal court bears the burden of establishing these elements to the extent required at each stage of the litigation. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Because lack of standing deprives the court of its constitutional power to adjudicate the parties' dispute, it can be raised by either party, or "by a court on its own initiative, at any stage in the litigation." *Arbaugh v. Y&H Corp.*, 546 U. S. 500, 506 (2006); *see also Gardner, supra,* at 1337 (standing requirement "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong."). For this same reason, a district court is required to satisfy itself of a party's standing before proceeding to consider the merits of the claims. *Gardner, supra,* at 1336.

There are three elements to establish standing. There must be an injury-in-fact (an invasion of an interest that is *both* concrete and particularized, and actual or imminent), a causal connection between the plaintiff's injury and the challenged action of the defendant, and a likelihood (not merely speculation) that a favorable judgement will redress the plaintiff's injury. *Gardner, supra,* at 1338 (quoting *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560-61 (1992)). A plaintiff must satisfy all three elements to establish standing. *Id.* "Article III standing must be determined as of the time that the plaintiff's complaint is filed." *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1212 (11th Cir. 2019). In determining whether there is an Article III case or controversy, courts "look to the state of affairs as of the filing of the complaint; a justiciable

controversy must have existed at that time." *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995) (citation omitted).

In a similar vein, "the doctrine of mootness derives directly from the case-or-controversy limitation because an action that is moot cannot be characterized as an active case or controversy." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001) (citation and quotations omitted). "A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993). The mootness doctrine "ensures that a justiciable case or controversy is present at all stages of review . . . [and] a case that was once cognizable under Article III becomes moot when 'an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit.'" *Gagliardi v. TJCV Land Tr.*, 889 F.3d 728, 733 (11th Cir. 2018) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72, 133 S. Ct. 1523, 185 L. Ed. 2d 636 (2013)).

## **DISCUSSION**

Put simply, this action this should never have been commenced. There is no reasonable basis for Mr. Norell to contend that his clients had standing to bring this lawsuit when he filed it. Plaintiffs were fully compensated before the lawsuit was filed; thus, they had no injury-in-fact and there was no justiciable controversy at the time of filing. Given the absence of standing, this Court lacked subject matter jurisdiction from the inception of this action. Moreover, Defendants' payment of Plaintiffs' overtime wages and liquidated damages rendered moot any case Plaintiffs may have had. Mr. Norell should have recognized that his pleading was fatally flawed before filing it. This error was compounded by his failure to voluntarily dismiss the action when confronted with the jurisdictional arguments in Defendants' motion.

All of Mr. Norell's arguments are meritless. Employees who are fully compensated for their overtime wages and liquidated damages before suit is filed are not prevailing plaintiffs, they are not entitled to the entry of judgment in their favor, and they are not entitled to attorneys' fees. "[Attorney] fees are part of the *damages* to which a prevailing FLSA plaintiff is entitled, and which attach to a meritorious FLSA action as soon as it is commenced." *Cherenfant v. Carb/Americas, Inc.,* No. 05-61256-CIV, 2006 WL 8432171, at *5 (S.D. Fla. May 3, 2006) ("the right to [attorneys'] fees and costs becomes 'fixed' at the moment a meritorious claim for overtime wages is filed"). Thus, if an FLSA action is not commenced, the employee is not entitled to attorneys' fees. Mr. Norell has not cited any factually analogous cases in support his argument to the contrary.

Likewise, I reject Mr. Norell's claim that the requirements set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) are applicable here. There, the Eleventh Circuit stated:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. An employee who accepts such a payment supervised by the Secretary thereby waives his right to bring suit for both the unpaid wages and for liquidated damages, provided the employer pays in full the back wages.
>
> The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Lynn's Food Stores, Inc.*, 679 F.2d at 1350, 1352–53.

In that case, the Eleventh Circuit rejected the employer's attempt to settle its employees' wage claims for less than what they were owed, in exchange for avoiding a lawsuit. *Id.* at 1352.

5

The employees, some of whom could not speak English and none of whom were represented by counsel, signed settlement agreements waiving their FLSA rights. The facts in *Lynn's Food Strores* are distinguishable from the facts present here.

First, Plaintiffs in this case did not "settle or compromise" their claims; they received their full wages and liquidated damages. Moreover, although the Secretary of Labor is "authorized to supervise" FLSA settlements, no such supervision was required here because no settlement agreement was entered into and Plaintiffs did not waive any of their rights. Finally, no court approval is required because Plaintiffs' recovery occurred pre-suit. Court approval under *Lynn's Food Stores* is required "in the context of suits brought directly by employees" and "private action[s]." *Id.*

To the extent, Mr. Norell claims that his clients "have a legally cognizable interest in recovering their fees" (ECF No. 5 at 9), he provides no legal authority involving analogous circumstances, nor does he plead any facts sufficient to show that his clients have actually paid him or that there is anything for them to "recover." In any event, whatever retainer agreement or fee arrangement Mr. Norell entered into with his clients is between them and is not Defendants' responsibility.

In *Dionne v. Floormasters Enterprises, Inc.*, the plaintiff responded to the defendant's motion to dismiss his FLSA claim as follows:

> Plaintiff agrees that since Defendant has tendered full payment to Plaintiff . . . the issue of overtime is now moot and the claim for overtime should be dismissed. However, Plaintiff requests that this Court reserve jurisdiction to consider an award of attorney's fees and costs . . .

*Dionne v. Floormasters Enterprises, Inc.*, 667 F.3d 1199, 1201 (11th Cir. 2012). The district granted the motion to dismiss and later denied the plaintiff's motion for attorney's fees because there had been "no judicial determination . . . that the Defendants violated the FLSA's overtime

6

compensation provisions" since the plaintiff's "claim for overtime compensation was in fact rendered moot when the Defendants tendered full payment for all recoverable damages." *Id.* at 1202. The Eleventh Circuit affirmed the trial court's dismissal of the FLSA action, and concluded that "the dismissal of the employee's complaint, without an award of attorney's fees, is not erroneous pursuant to § 216(b) because the District Court did not award judgment to the employee as the prevailing party." *Id.* at 1200. The Eleventh Circuit explained,

> The FLSA plainly requires that the plaintiff receive a judgment in his favor to be entitled to attorney's fees and costs. Dionne has failed to cite to any case that supports his contention that the entry of a defendant's motion to dismiss a plaintiff's claims as moot because the trial court no longer has subject matter jurisdiction constituted a judgment in favor of the plaintiff.

*Id.* at 1205. *Dionne* demonstrates that there are circumstances where even *after* the filing of an FLSA action, a plaintiff's full recovery of wages and liquidated damages will not necessarily result in an award of attorney's fees. Given that no lawsuit was filed here, much less a judgment entered in Plaintiffs' favor, there is simply no basis for awarding attorneys' fees.

## RECOMMENDATION

Based on the foregoing, I hereby **RECOMMEND** that Defendants' Motion to Dismiss (ECF No. 4) be **GRANTED.**

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Rodolfo A. Ruiz, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to

challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE AND SUBMITTED** in Chambers this 24th day of June 2021, at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE