# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 21-CV-80766-RAR

**KRISTOPHER STRANGE**,
**JULIO RUIZ, RICHARD SHIELDS**,
and **ANTHONY STEWART**,

    Plaintiffs,

v.

**AIRCRAFT DEMOLITION, INC.** and
**RALPH GIORDANO**,

    Defendants.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court on Magistrate Judge Bruce E. Reinhart's Report and Recommendation ("Report") [ECF No. 19]. The Report recommends that the Court grant Defendants' Motion to Dismiss the Complaint ("Motion") [ECF No. 4]. *See* Report at 1, 8. Plaintiffs timely filed an Objection to the Report ("Objection") [ECF No. 20] on July 8, 2021. The Court being fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED** that the Report [ECF No. 19] is **AFFIRMED AND ADOPTED** as explained herein.

## LEGAL STANDARD

This Court reviews *de novo* the determination of any disputed portions of the Magistrate Judge's Report. *United States v. Powell*, 628 F.3d 1254, 1256 (11th Cir. 2010). Any portions of the Report to which no specific objection is made are reviewed only for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A proper objection "identifie[s] specific findings set forth in the [Report] and articulate[s] a legal ground for objection." *Leatherwood v.*

*Anna's Linens Co*., 384 F. App'x 853, 857 (11th Cir. 2010) (alterations and emphasis added; citations omitted).

## ANALYSIS

Upon careful consideration of the record, including the Report and Plaintiffs' Objection thereto, the Court overrules the Objection and adopts the Report. The Report recommends that this case be dismissed for lack of standing because Plaintiffs were fully compensated for their overtime wages and liquidated damages *before* the Complaint was filed. *See* Report at 1, 5. Therefore, there was no live case or controversy when this action was initiated. *Id.* Plaintiffs argue that standing does exist here because the "remedy for an FLSA violation is not just an award of damages but an award of damages *plus* a judgment." Obj. at 3. (emphasis in original). But Plaintiffs completely miss the mark—as Magistrate Judge Reinhart notes in his Report, there was no injury-in-fact at the time of filing because Plaintiffs were fully compensated *before* this action was filed. *See* Report at 5 (citing *Cherenfant v. Carb/Americas, Inc*., No. 05-61256, 2006 WL 8432171, at *5 (S.D. Fla. May 3, 2006) ("[Attorney] fees are part of the damages to which a prevailing FLSA plaintiff is entitled, and which attach to a meritorious FLSA action *as soon as it is commenced*." (emphasis added))). And, given the absence of an injury-in-fact, the Report was correct to conclude that this Court is without subject matter jurisdiction. *See Lujan v. Def.'s of Wildlife*, 504 U.S. 555, 560 (1992) (describing the standing inquiry's "irreducible constitutional minimum" as requiring an injury-in-fact, that is fairly traceable to a defendant's challenged conduct, and is likely to be redressed by a favorable judicial decision).

Notably, the purpose of the FLSA's fee provision is "to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *United Slate, Tile and Composition Roofers, Damp and Waterproof Workers Ass'n,*

*Local 307 v. G & M Roofing and Sheet Metal Co., Inc*., 732 F.2d 495, 502 (6th Cir. 1984). Here, the Court agrees with Magistrate Judge Reinhart's detailed and well-reasoned finding that—based on Plaintiffs' own Complaint—there can be no *live* wage and hour grievance where Plaintiffs were fully compensated *before* filing this suit.[1] Contrary to Plaintiffs' counsel's erroneous interpretation of the FLSA, prior to litigation, employers may be able to moot an FLSA claim and thus deter a lawsuit for damages and fees by paying the full wages and liquidated damages allegedly owed. That is exactly what Defendants did here, and Plaintiffs' counsel cannot invoke the FLSA fee provision to manufacture standing in this matter.

At bottom, Plaintiffs have been paid what they were owed—they have no concrete harm that this Court can redress, and this action must be dismissed for lack of subject matter jurisdiction. The Objection simply rehashes previous arguments and does not provide a basis for rejecting the Report, which correctly addresses the issues presented. Further, the Court has examined the authorities cited in Plaintiffs' Objection and notes that all of them are inapplicable and factually distinguishable. *See, e.g.*, Obj. at 3 (citing *Wolff v. Royal Am. Mgmt.*, 545 F. App'x 791 (11th Cir. 2013)). For instance, Plaintiffs' reliance on the Eleventh Circuit's unpublished per curiam opinion in *Wolff* is misplaced. In *Wolff*, the court determined that, because the defendant did not present the plaintiff with a Rule 68 offer of judgment in addition to a cash settlement, it had not offered her complete relief and thus her FLSA claims were not moot. *Id.* The facts in *Wolff* render that case inapposite because it involved exclusively *post-suit* conduct whereas the instant action

---

[1] Plaintiffs also object to Magistrate Judge Reinhart's purported "findings of fact" based on their assertion that the Report relies on information outside the Complaint—namely that the Report mentions Plaintiffs "made numerous attempts to include a reasonable attorney's fee in the pre-suit resolution of the case, but the fee demand by Plaintiffs' counsel was at all times excessive," [ECF No. 19 at 2]. *See* Obj. at 1. The Court finds that said objection has no bearing on the analysis in the Report; such statements were simply included by Magistrate Judge Reinhart for background purposes. Because the Court finds that the statements do not constitute factual findings and are therefore irrelevant to the disposition of the Motion, this "factual" objection is overruled.

involves a full payment of wages and liquidated damages *pre-suit*. Despite Plaintiffs' attempts to reframe the facts, the instant action is not a compromised suit and therefore Plaintiffs' lengthy analysis of judgments under the FLSA framework has no bearing on this case.

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Report [ECF No. 19] is **AFFIRMED AND ADOPTED.**

2. Plaintiffs' Objection [ECF No. 20] is **OVERRULED**.

3. This action is **DISMISSED** *without prejudice*. The Clerk is instructed to **CLOSE** this case. Any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 14th day of July, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc: Magistrate Judge Bruce E. Reinhart
counsel of record