UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:21-cv-80766-RAR

KRISTOFER STRANGE, JULIO RUIZ,
RICHARD SHIELDS, and ANTHONY
STEWART,

    Plaintiffs,

vs.

AIRCRAFT DEMOLITION, INC., a
Florida Corporation, and RALPH
GIORDANO, an individual,

    Defendants.
_____/

**DEFENDANTS' VERIFIED MOTION FOR ATTORNEYS' FEES
AND INCORPORATED MEMORANDUM OF LAW**

Defendants, AIRCRAFT DEMOLITION, INC., a Florida Corporation, and RALPH GIORDANO, an individual (hereinafter collectively referred to as "Defendants"), by and through undersigned counsel, pursuant to S.D. Fla. L.R. 7.3(a), hereby file their verified motion for attorneys' fees and incorporated memorandum of law, against Plaintiffs, KRISTOFER STRANGE, JULIO RUIZ, RICHARD SHIELDS, and ANTHONY STEWART ("Plaintiffs"), and Plaintiffs' counsel, Robert S. Norell, Esq. and Robert S. Norell, P.A. The grounds upon which this motion is based and the substantial matters of law supporting those grounds are described with specificity below.[1]

---

[1] For clarity's sake, even when a court is divested of its subject matter jurisdiction over the substantive claim by virtue of intervening dismissal or mootness, "[i]t is well established that a federal court may consider collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). Motions for costs or attorney's fees are treated as "independent proceeding[s] supplemental to the original proceeding" and thus the imposition of costs and attorney's fees is not a judgment on the merits of an action for which there is no

1.  On November 16, 2020, Defendants retained the undersigned counsel to represent their interests in connection with a pre-suit written communication sent by Plaintiffs' counsel, on behalf of the four (4) plaintiffs, Kristofer Strange, Julio Ruiz, Richard Shields, and Anthony Stewart, in connection with claims for unpaid overtime compensation. *See* ECF No. 4-2.

2.  Prior to the filing of any lawsuit, undersigned counsel and Plaintiffs' counsel engaged in negotiations to resolve the Plaintiffs' claims without the need for litigation. In this regard, on or about November 23, 2020, Defendants provided Plaintiffs' counsel with the relevant time and pay records related to the named individuals. ECF No. 4-3. Moreover, the parties even signed a tolling agreement with respect to the individuals, wherein Defendants agreed not to raise any statute of limitations defenses from the date of the agreement forward, if in fact the Plaintiffs determined to litigate the matter.

3.  Ultimately, on January 4, 2021, Defendants proposed to resolve the pre-suit claims for certain amounts, as supported by the documentary records. Defendants also proposed to pay Plaintiffs' counsel a sum certain for pre-suit attorneys' fees allegedly incurred.

4.  On January 6, 2021, Plaintiffs' counsel notified Defendants' counsel Plaintiffs were prepared to accept the amounts offered to them, but only if Defendants paid them an additional amount equal to the amounts offered as unpaid overtime, for alleged liquidated damages, along with an additional amount for alleged attorneys' fees (more than double the amount Defendants

---

jurisdiction. *Id.* at 395. "No Article III case or controversy is needed with regard to attorney's fees as such, because they are but an ancillary matter over which the district court retains equitable jurisdiction even when the underlying case is moot. Its jurisdiction outlasts the 'case or controversy.'" *Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323, 1329 (9th Cir. 1999). "[A] determination of mootness of the action on the merits [does not] preclude an award of attorney's fees." *S–1 v. Spangler*, 832 F.2d 294, 297 n.1 (4th Cir. 1987); *Reiser v. Del Monte Properties Co.*, 605 F.2d 1135, 1140 (9th Cir. 1979) (holding that "attorney's fees question ancillary to the case survives independently under the court's equitable jurisdiction").

offered).

5. On January 11, 2021, rather than continue the settlement negotiations, Defendants simply tendered the ***full and agreed*** amounts allegedly owed to Plaintiffs, along with additional equal amounts for Plaintiffs' alleged liquidated damages. *See* ECF No. 4-1.

6. Plaintiffs accepted the tendered payments.

7. The parties were not able to agree on a reasonable amount of attorney's fees, however. After several back-and-forth exchanges, on January 22, 2021, the parties declared an impasse as to the claimed fees. Plaintiffs' counsel, for his part, threatened to file suit to collect his alleged "reasonable" fees, notwithstanding his clients were paid in full, including the equal amount of liquidated damages.

8. Notwithstanding, almost four (4) months later, on or about April 27, 2021, Plaintiffs' counsel — the real party in interest — filed this lawsuit solely for his own benefit, in a bad faith attempt to collect attorney's fees, when in fact there was no justiciable case or controversy. The lawsuit purportedly was filed on behalf of the same four individuals, yet Plaintiffs' counsel admitted in the Complaint his clients already had received 100% payment, pre-suit, of their claims for unpaid overtime and liquidated damages. *See* ECF No. 1.

9. On or about May 17, 2021, Defendants moved to dismiss the complaint on subject-matter jurisdiction grounds based on Plaintiffs' (and their counsel's) lack of standing, as well as on mootness grounds. *See* ECF No. 4. Primarily, Defendants argued the case was moot because Plaintiffs admitted (as they had to) they were paid in full, by voluntary tender on Defendants' part, prior to commencing this lawsuit.[2] *See also* ECF No. 5, p 3 (Defendants "mailed checks for the

---

2   Not that it even matters, but upon information and belief, each Plaintiff cashed their checks, voluntarily tendered to them months prior to the filing of the lawsuit.

full amount of unpaid overtime plus equal amounts of liquidated damages for each of the four plaintiffs," long prior to the date of filing, on or about January 11, 2021). *As such, Plaintiffs were made whole prior to coming to court*.

10.     Once the matter was fully briefed, this Court referred the motion to the Magistrate Judge. ECF No. 16. Just over one week later, on June 24, 2021, the Magistrate issued his Report and Recommendation, recommending in the strongest of terms this Court grant Defendants' motion to dismiss for lack of subject-matter jurisdiction:

> ***Put simply, this action this should never have been commenced***. There is ***no reasonable basis*** for Mr. Norell to contend that his clients had standing to bring this lawsuit when he filed it. Plaintiffs were fully compensated before the lawsuit was filed; thus, they had ***no injury-in-fact and there was no justiciable controversy at the time of filing***. Given the absence of standing, this Court lacked subject matter jurisdiction from the inception of this action. Moreover, Defendants' payment of Plaintiffs' overtime wages and liquidated damages rendered moot any case Plaintiffs may have had. ***Mr. Norell should have recognized that his pleading was fatally flawed before filing it. This error was compounded by his failure to voluntarily dismiss the action when confronted with the jurisdictional arguments in Defendants' motion***.
>
> ***All of Mr. Norell's arguments are meritless***.
>
> ***Mr. Norell has not cited any factually analogous cases in support his argument to the contrary.***

*See* ECF No. 19, pp. 4-5.

11.     On June 28, 2021, Defendants' counsel emailed Plaintiffs' counsel and stated as follows:

> We intend to seek fees in this case under the FLSA prevailing defendant case law, as well as under § 1927 and Rule 11 (unless you withdraw the lawsuit within 21 days of receiving our motion in this regard, which we intend to serve shortly).
>
> To date, my client has spent approximately $8,000.00 defending the lawsuit (that is in addition to the fees he spent presuit, but I don't believe that would be recoverable).

> Obviously, if we have to go through the process of responding to objections to the Magistrate's R&R, as well as pursuing fees, the client will incur several thousand more dollars in fees, which he would like to avoid. To that end, I am authorized to accept payment of 50% right now ($4,000.00). If you agree to pay him this amount, and voluntarily dismiss with prejudice at this point, we will not seek additional fees against you and/or your clients.
>
> Please advise.

*See* Exhibit "A" attached hereto. Defendants' counsel then followed up this email with a subsequent email later that same day, formally serving upon Plaintiffs' counsel a motion for sanctions pursuant to Rule 11, formally providing Plaintiffs' counsel the twenty-one (21) day safe harbor period to correct any violations. Defendants thus clearly placed Mr. Norell and his clients on notice of Defendants' intent to seek sanctions pursuant to Rule 11 if the lawsuit was not withdrawn within the safe harbor period. *See* Exhibit "B" attached hereto.

12. Apparently undeterred, ***over a week later***, on July 6, 2021, Plaintiffs' counsel responded:

> Attached please find Plaintiffs' objections to the R&R that will be filed by Thursday if we are unable to resolve this matter.
>
> At this point, Plaintiffs will agree to dismiss the case without contesting the R&R, with each side bearing their own fees and costs. In this regard, there would be a joint stipulation for dismissal.
>
> Please communicate this offer to your clients and let me know by Thursday morning if your clients accept. Otherwise I will file the objections and let the district and/or appellate courts determine the outcome.

*See* Exhibit "C" attached hereto.

13. Two (2) days later, on July 8, 2021, Plaintiffs' counsel followed through on his threat and filed the objections to the R&R. ECF No. 20.

14. On July 14, 2021, before Defendants even filed a response to Plaintiffs' counsel's objections, this Court entered its Order affirming and adopting the R&R and dismissed the case,

ECF No. 21, noting Plaintiffs' counsel's objections "completely miss the mark". *Id.* at p. 2.

15.     Prior to filing this motion, Defendants' counsel reached out one more time to Plaintiffs' counsel, as follows:

> Now that Judge Ruiz has overruled your objection to the report and recommendation and dismissed the case once and for all, we once again write to confer with you as to our forthcoming motion for fees we intend to seek under the FLSA prevailing defendant case law, as well as under § 1927 and Rule 11. To date, my client now has spent approximately $12,000.00 defending this lawsuit (that is in addition to the fees he spent presuit, but I don't believe that would be recoverable). Please advise if you would like to make any offer at this time.

*See* Exhibit "D" attached hereto.

## MEMORANDUM OF LAW

**A.     This Court Should Award Defendants their Attorneys' Fees Pursuant to Rule 11**

Rather than unconditionally and voluntarily dismiss this lawsuit within the twenty-one (21) day safe harbor period, Plaintiffs' counsel doubled down, vexatiously filing bad faith objections to the R&R. The time now is ripe for this Court to award Defendants their reasonable attorneys' fees incurred in having to defend against this completely meritless and frivolous lawsuit, under Rule 11.

### *1.     Legal Standard*

Rule 11 generally requires litigants and their counsel "'stop-and-think' before initially making legal or factual contentions." *See* Fed. R. Civ. P. 11 advisory committee's note (1993); *Brown v. Generac Power Sys., Inc.*, 2021 WL 1030229, at *2 (S.D. Fla. Feb. 27, 2021), *report and recommendation adopted*, 2021 WL 1022872 (S.D. Fla. Mar. 17, 2021). Rule 11 involves an "objective standard for testing conduct": "'reasonableness under the circumstances' and 'what was reasonable to believe at the time' the pleading [or other document] was submitted." *Flores*, 2008 WL 11409098, at *10.

By filing a pleading in federal court, an attorney is certifying that to the best of his or her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, *inter alia*, "the claims, defenses, and other legal contentions therein are warranted by existing law or by a ***nonfrivolous argument*** for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Civ. P. 11(b)(2). In this Circuit, a district court has the discretion to award sanctions pursuant to Rule 11 when a party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law. *See Anderson v. Smithfield Foods, Inc*., 353 F.3d 912, 915 (11th Cir. 2003). To determine whether to impose Rule 11 sanctions, a court first determines "whether the party's claims are objectively frivolous – in view of the facts or law – and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether she would have been aware had she made a reasonable inquiry." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996).

Rule 11 sanctions are designed to "discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses." *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987) (*en banc*). They "may be imposed for the purpose of deterrence, compensation and punishment." *Aetna Ins. Co. v. Meeker*, 953 F.2d 1328, 1334 (11th Cir. 1992). If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation:

> A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c)(1), (4); *Showan v. Pressdee*, 922 F.3d 1211, 1224 (11th Cir. 2019).

    **B.**     **This Court Should Award Defendants their Attorneys' Fees Pursuant to the FLSA**

Inasmuch as this case was brought pursuant to the FLSA, Defendants also are entitled to an award of fees under the FLSA's "prevailing defendant" standard.

    *1.*     *Legal Standard*

The FLSA entitles a prevailing defendant to attorney's fees where the district court finds the plaintiff "litigated in bad faith." *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1437 (11th Cir. 1998); *Kreager v. Solomon & Flanagan*, 775 F.2d 1541, 1543 (11th Cir. 1985); *Hubbard v. Jerry's Seamless Guttering, Inc.*, 2020 WL 6038110, at *3 (S.D. Fla. Oct. 6, 2020); *Goss v. Killian Oaks House of Learning*, 248 F.Supp.2d 1162 (S.D. Fla. 2003). This power derives from common law; courts possess the "inherent power" to award attorneys' fees to a prevailing defendant when a plaintiff has "acted in bad faith, vexatiously, wantonly or for oppressive reasons. *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975). Bad faith is determined by conduct and motive, rather than on the case's validity. *Murray v. Playmaker Services, LLC*, 548 F. Supp. 2d 1378, 1381 (S.D. Fla. 2008), *aff'd*, 325 Fed. Appx. 873 (11th Cir. 2009), citing *Kreager*, 775 F.2d at 1543. In this context, "bad faith" "is not limited to filing, but also encompasses "acts preceding and during litigation." *Flores v. Park W. Parking LLC*, 2008 WL 11409098, at *8 (S.D. Fla. Feb. 1, 2008), citing *Kreager*, 775 F.2d at 1543; *see also Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991) ("When it becomes apparent that discoverable evidence will not bear out the claim, the litigant and his attorney have a duty to discontinue their quest.").

**C.     This Court Should Award Defendants their Attorneys' Fees Pursuant to 28 U.S.C. § 1927**

Because the very filing of this action was unreasonable and vexatious, Defendants also are entitled to an award of attorneys' fees under 28 U.S.C. § 1927.

*1. Legal Standard*

Sanctions are appropriate under 28 U.S.C. § 1927 where "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiples the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "[A]n attorney multiplies proceedings unreasonably and vexatiously within the meaning of the statute only when the attorney's conduct is so egregious that it is tantamount to bad faith." *Amlong v. Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007) (internal citations omitted). Where an attorney knowingly or recklessly pursues a frivolous claim … bad faith is found. *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003).

To justify sanctions under § 1927, the Eleventh Circuit has explained that there are three essential requirements that may be satisfied with respect to a fee award under § 1927: (1) the attorney must engage in unreasonable and vexatious conduct, (2) that unreasonable and vexatious conduct must be conduct that multiplies the proceedings, and (3) the amount of the sanction must bear a financial nexus to the excess proceedings. *Peterson v. BMI Refractories*, 124 F.3d 1386 (11th Cir. 1997). Sanctions under § 1927 are measured against objective standards of conduct. *Amlong,* 500 F.3d 1230, 1241 (11th Cir. 2007). Thus, objectively reckless conduct is enough to warrant sanctions even if the attorney does not act knowingly and malevolently. *Id.* "In short, a district court may impose sanctions for egregious conduct by an attorney ***even if the attorney acted***

***without the specific purpose or intent to multiply the proceedings***." *Id.* "If the attorney's misconduct meets this high standard, the district court may order the attorney to pay the "costs, expenses, and attorneys' fees reasonably incurred" because of the attorney's misconduct – that is, the excess costs that the attorney's multiplication of the proceedings has added to the cost of the litigation. *Id; Peterson v. BMI Refractories*, 124 F.3d 1286, 1396 (11th Cir. 1997).

**D.     This Court Should Award Defendants their Attorneys' Fees Pursuant to Its Inherent Authority**

Finally, this Court should exercise its inherent authority to award attorneys' fees here.

**1.     *Legal Standard***

This Court may also use its inherent powers to sanction Plaintiffs' attorney and his law firm for bad faith litigation conduct. *Taverna Imports, Inc. v. A & M Wine & Spirits, Inc.*, 2018 WL 3611408, at * 10 (S.D. Fla. 2018), *citing Spolter v. Suntrust Bank*, 403 Fed. Appx. 387, 391 (11th Cir. 2010) (affirming award of fees against individual lawyer and his law firm pursuant to the court's inherent powers); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) (the Court's inherent authority also provides a basis for an award of fees); *Maale v. Kirchgessner*, 2011 WL 1458147, at *4 (S.D. Fla. 2011) (awarding sanctions against attorney and his former law firm, jointly and severally, based upon the court's inherent power); *Herard v. ATN Rest., Inc.*, 2008 WL 123596, at *5 (S.D. Fla. 2008) (awarding fees against plaintiff's law firm in FLSA case under inherent power doctrine). "The imposition of sanctions in this instance transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of vindicating judicial authority without resort to the more drastic sanctions available for contempt of court ***and making the prevailing party whole for expenses caused by his opponent's obstinacy***." *Chambers*, 501 U.S. at 46. To assess attorney's fees and costs under its inherent authority, the court must find a party has acted in bad faith,

vexatiously, wantonly, or for oppressive reasons. *Id*. The key to unlocking a court's inherent power is a finding of bad faith. *Eisenberg Development Corp. v. City of Miami Beach*, 95 F.Supp.3d 1376 (S.D. Fla. 2015) *citing Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). Bad faith is shown "where an attorney knowingly or **recklessly raises a frivolous argument** …." *Id.*

### E. An Award of Attorneys' Fees are Warranted in this Action

Based on the allegations in the complaint, it is (by now) abundantly clear this entire lawsuit was objectively frivolous and pursued in bad faith by Plaintiffs' counsel. Indeed, it is obvious Mr. Norell filed this action seeking nothing other than fees for himself – knowing the law failed to support any such claim under these circumstances. Defendants' counsel even offered Plaintiffs' counsel a gratuitous payment of $2,800.00 for his time expended pre-suit. As the saying goes, however, "pigs get fat and hogs get slaughtered." Rather than accept this reasonable offer, Plaintiffs' counsel determined to commence this action seeking an award of attorneys' fees, notwithstanding there was no legal basis for doing so. In fact, the Court need look no further than the R&R, wherein the Magistrate essentially provides a roadmap for a finding of bad faith and objective frivolity in terms of the pursuit of this action:

> ***Put simply, this action this should never have been commenced***. There is ***no reasonable basis*** for Mr. Norell to contend that his clients had standing to bring this lawsuit when he filed it. Plaintiffs were fully compensated before the lawsuit was filed; thus, they had ***no injury-in-fact and there was no justiciable controversy at the time of filing***. Given the absence of standing, this Court lacked subject matter jurisdiction from the inception of this action. Moreover, Defendants' payment of Plaintiffs' overtime wages and liquidated damages rendered moot any case Plaintiffs may have had. ***Mr. Norell should have recognized that his pleading was fatally flawed before filing it. This error was compounded by his failure to voluntarily dismiss the action when confronted with the jurisdictional arguments in Defendants' motion***.
>
> ***All of Mr. Norell's arguments are meritless***.
>
> ***Mr. Norell has not cited any factually analogous cases in support his argument to the contrary.***

*See* ECF No. 19, pp. 4-5.

The legal arguments advanced by Plaintiffs' counsel were patently frivolous and pursued in bad faith. As set forth in the Report and Recommendation, "Employees who are fully compensated for their overtime wages and liquidated damages before suit is filed are not prevailing plaintiffs, they are not entitled to the entry of judgment in their favor, and they are not entitled to attorneys' fees." ECF No. 19, p. 5. Plaintiffs' counsel knew three (3) months prior to filing suit the parties had agreed on the correct compensation due to each Plaintiff and the Defendants voluntarily tendered these amounts to each Plaintiff, along with an additional equal amount representing alleged liquidated damages. There was never any factual basis present that would allow for the individual Plaintiffs to obtain a judgment, let alone more monies. Since no judgment was obtainable, neither were any fees or costs obtainable because Plaintiffs could not possibly be prevailing parties in this action under the FLSA. Accordingly, Defendants believe sanctions are appropriate, in the form of an award of attorneys' fees, imposed on Plaintiffs' counsel.

### F.   Lodestar Calculation

The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This amount is ordinarily referred to as the lodestar and is presumptively reasonable. *Id*; *Hornton v. Wolpoff & Abramson, LLP*, 312 F. App'x 161, 163-164 (11th Cir. 2008). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by attorneys with reasonably comparable skills, experience, and reputation." *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought. *Hensley*,

461 U.S. at 433. Fee counsel should have maintained records to show the time spent on different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. The court itself is considered to be an expert "and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Lane v. Capital Acquisitions and Management Co.*, 554 F. Supp. 2d at 1350, citing *Norman*, 836 F.2d at 1303.

Daniel R. Levine's qualifications are set forth in his affidavit. *See* Affidavit of Daniel R. Levine, attached as Exhibit "E."[3] He has been practicing in the State of Florida, exclusively in labor and employment law, for over twenty-five (25) years, designated by the Florida Bar as a *Board-Certified Specialist* in this practice area since 2002. Alex B.C. Ershock has been practicing in the State of Florida since 2012. He first worked at the Attorney General's Office for four years, at a private firm for nearly four years, and now works for undersigned counsel's Firm, working primarily on labor and employment matters. He is admitted to practice before all federal courts in the State of Florida, and the Eleventh Circuit Court of Appeals.

*1.     Number of hours reasonably expended and reasonable hourly rates*

| Timekeeper | Hourly Rate | Number of Hours | Total Fees Charged |
|---|---|---|---|
| Daniel R. Levine | $450.00 | 14.8 | $ 6,660.00 |
| Alex B.C. Ershock | $300.00 | 15.8 | $ 4,740.00 |
| TOTAL | | 30.6 | $ 11,400.00 |

---

[3] This affidavit satisfies the local rule's verification requirement. *See Arnold v. Heritage Enterprises of St. Lucie, LLC*, 13-14447-CIV, 2018 WL 1796265, at *4 (S.D. Fla. Jan. 25, 2018), *report and recommendation adopted*, 13-14447-CIV, 2018 WL 1795447 (S.D. Fla. Feb. 13, 2018); *Hernandez v. Target Corp.*, 14-21062-CIV, 2016 WL 4006656, at *2 (S.D. Fla. Mar. 30, 2016); *Morris v. Arizona Beverage Co., L.L.C.*, 03-60907 CIV, 2005 WL 5544961, at *8 (S.D. Fla. Feb. 9, 2005).

The above timekeepers' hourly rates are reasonable. As demonstrated by Exhibit "E", undersigned counsel has been in practice for over twenty-five (25) years, has been designated by the Florida Bar as a Board-Certified Specialist in labor and employment law since 2002, has considerable experience litigating employment law claims on behalf of plaintiffs and defendants, and is one of the founding name partners of his law firm. Undersigned counsel also serves as a certified federal and state court mediator and qualified arbitrator, including a listing on the American Arbitration Association's National Roster of Arbitrators and Mediators. Undersigned counsel billed out at his normal and customary rate of $450.00 in this case and Defendants retained him on an hourly basis at this agreed upon hourly rate. *See* Retainer Agreement attached hereto as Exhibit "F"; *see also Granados v. Palm Coast Building Maintenance*, Case No. 20-cv-81917-RAR (Judge Ruiz recently awarding undersigned counsel his currently requested rate of $450.00, albeit in an uncontested matter); *Holland v. Westside Sportsbar & Lounge, Inc.*, 2021 WL 1819332, at *2 (M.D. Fla. Jan. 25, 2021), *report and recommendation adopted as modified*, 6:19-CV-945-CEM-GJK, 2021 WL 1818054 (M.D. Fla. Feb. 12, 2021) (awarding Board-Certified labor and employment attorney with 23 years of experience $425/hr.); *Hamilton v. Sheridan Healthcare., Inc.*, 2015 WL 13540999, at *4 (S.D. Fla. Dec. 23, 2015), *report and recommendation adopted sub nom. Hamilton v. Sheridan Healthcare, Inc.*, 13-62008-CIV, 2016 WL 9444229 (S.D. Fla. Jan. 14, 2016), *aff'd sub nom. Hamilton v. Sheridan Healthcorp, Inc.*, 700 Fed. Appx. 883 (11th Cir. 2017) (awarding Board-Certified labor and employment attorney with 28 years of experience $475/hr); *Inspired Development Group, LLC v. Inspired Products Group, LLC*, 2018 WL 2460295 (S.D. Fla. 2018) ($480 per hour for attorney who practiced law for 17 years); *Cf. Great Lakes Transp. Holding LLC v. Yellow Cab Service Corp. of Florida, Inc*., 2011 WL 4118234, *2-3 (S.D. Fla. 2011) ($425 hourly rate reasonable for attorney practicing in South Florida for twenty-seven

years, who had extensive experience handling complex commercial and business litigation); *Gray v. Novell, Inc.*, 2012 WL 3871872, *11 (M.D. Fla. 2012) ($425 hourly rate reasonable for partner in law firm with more than twenty years of legal experience).

With respect to Mr. Ershock, his hourly rate of $300.00 is reasonable and consistent with associates in this district who have been practicing for the better part of a decade. Mr. Ershock has been practicing law in Florida since 2012 and currently concentrates his practice on labor and employment law, under Mr. Levine's direct supervision. *See Alarcon v. J & J, Inc.*, Case No. 9-62562-CIV-COHN/STRAUSS (S.D. Fla. October 19, 2020) (awarding attorneys with 7-9 years of experience $350/hr.); *Tillman v. Advanced Pub. Safety, Inc.*, 15-CV-81782, 2018 WL 5768570, at *4 (S.D. Fla. Nov. 2, 2018), *report and recommendation adopted*, 15-81782-CIV, 2018 WL 6424899 (S.D. Fla. Nov. 21, 2018) (awarding attorney with 8 years of experience $375/hr.); *Figueroa v. Maximum Recovery Sols., Inc.,* No. 12-60098-CIV, 2012 WL 13134301, at *7 (S.D. Fla. Dec. 12, 2012) (reasonable rate for an attorney with 8 to 10 years' experience is $335); *Bedoya v. Aventura Limousine & Transp. Serv., Inc.*, 2013 WL 539259, at *3 (S.D. Fla. Feb. 13, 2013) (hourly rate of $325 to an attorney with ten years' experience). The rate requested here is well below these awarded rates.

Once the prevailing market rate is determined, it is then multiplied by the number of reasonable hours expended on the matter. *Lane*, 554 F. Supp. 2d at 1349, citing *Norman*, 836 F.2d at 1299. At the heart of the reasonable hours concept is the guidance from the United States Supreme Court requiring fee applicants to use "billing judgment" in the listing of the hours spent on a case, making "a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary," *Lane*, 554 F. Supp. 2d at 1349, citing *Hensley,* 461 U.S.

424, 434 (1983), "irrespective of the skill, reputation or experience of counsel," *Lane,* 554 F. Supp. 2d at 1349, citing *Norman,* 836 F.2d at 1301 (citing *Hensley*, 461 U.S. at 434).

The time spent by Defendants' counsel and the fees incurred in this matter are reasonable and were necessary in order to properly defend against the case. Attached hereto as Exhibit "G" are the contemporaneously kept time records for billing purposes. Defendants have presented to the Court a full and accurate representation of the number of hours incurred in defense of this frivolous lawsuit, while reducing any charges for excessive, redundant or unreasonable hours. Indeed, no fees are being sought for time incurred before April 27, 2021, the date this lawsuit was filed. On the other hand, time spent pursuing attorney's fees is compensable. *Valley v. Ocean Sky Limo*, 82 F.Supp.3d 1321, 1329 (S.D. Fla. 2015) ("it is well settled that time expended litigating attorney's fees is fully compensable").

WHEREFORE, the Defendants respectfully request that this Honorable Court impose sanctions against Plaintiffs' counsel, enter an order granting the Defendants' motion and allowing the Defendants to recover their reasonable attorneys' fees totaling $11,400.00, and take such other and further action as it deems just and proper.

### Local Rule 7.3 conferral

Pursuant to S.D. Fla. L.R. 7.3(b), on July 16, 2021, counsel for Defendant served counsel for Plaintiffs with a draft motion compliant with Local Rule 7.3(a)(1)-(8) in an effort to confer and attempt in good faith to agree on entitlement to and the amount of fees. On July 20, 2021, counsel for Plaintiffs emailed counsel for Defendant and simply stated, "I don't agree that your client is entitled to fees." Counsel for Plaintiff failed to describe in writing and with reasonable particularity any time entry to which he objects and certainly failed to provide any supporting legal authority.

Dated: July 20, 2021
      Boca Raton, FL

Respectfully submitted,

**Daniel R. Levine**
DANIEL R. LEVINE, ESQ.
Florida Bar No. 0057861
E-mail:  DRL@PBL-Law.com
PADULA BENNARDO LEVINE, LLP
3837 NW Boca Raton Blvd., Suite 200
Boca Raton, FL   33431
Telephone:     (561) 544-8900
Facsimile:      (561) 544-8999
Attorneys for Defendants